Matthew J. Farnworth, Esq.
David D. Barnhorn, Esq.
ROMERO LAW GROUP PLLC
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588
Email: mfarnworth@romerolawny.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------X

ARIANNA GARCIA, on behalf of herself, individually,
and all other persons similarly situated,

**COMPLAINT**

Plaintiff,

-against-                                                               *Collective and Class Action*

MI RINCONCITO COLOMBIANO CORPORATION
and ROCIO SUAREZ,

Defendants.

------------------------------------------------------------------------X

Plaintiff Arianna Garcia ("Plaintiff"), on behalf of herself, individually, and on behalf of

all other persons similarly-situated, by and through her attorneys, the Romero Law Group PLLC,

as and for her Complaint against Mi Rinconcito Colombiano Corporation ("Colombiano") and

Rocio Suarez ("Suarez," together with Colombiano, as "Defendants"), alleges upon knowledge as

to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.      This is a civil action for damages and equitable relief based upon willful violations

that the Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (ii) the minimum wage

provisions of the FLSA; (iii) the overtime provisions of the New Jersey Wage and Hour Law

1

("NJWHL"), N.J.S.A. 34:11-56a *et seq.*; (iv) the minimum wage provisions of the NJWHL; (v) the full payment provision of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.2; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings her claims under the NJWHL and NJWPL on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-into this action.

3.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NJWHL and NJWPL and any supporting regulations.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201 *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey state law.

5.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1) as the Defendants are residents of New Jersey and the District of New Jersey.

## PARTIES

6.      Plaintiff is and was a resident of New Jersey.

7. At all relevant times, Plaintiff was an "employee" as defined by the FLSA, NJWHL, and NJWPL.

8. At all relevant times, Defendant Colombiano was and is a domestic business corporation with its principal place of business located at 6319 Bergenline Avenue, West New York, New Jersey 07093.

9. At all relevant times, Defendant Colombiano was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, point of sale systems, receipt papers, pens, paper and other materials, all or many of which undoubtably traveled in interstate commerce, and accepted payments and other moneys that originated from outside of New Jersey.

10. At all relevant times, Colombiano was an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

11. At all relevant times, upon information and belief, Defendants employed approximately twenty employees.

12. Upon information and belief, Defendant Suarez is and was a resident of New Jersey.

13. At all relevant times, Defendant Suarez is and was a member, owner and/or officer of the corporate defendant and was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and all other employees and determining what wages were paid to Plaintiff and all other employees, scheduling and hours worked, directly communicating scheduled hours with Plaintiff and other employees, had the power to hire, fire

and discipline Plaintiff and all other employees and approve all personnel decisions, including the decision to terminate Plaintiff's employment, was responsible for maintaining personnel records relating to the employment of Plaintiff and all other employees, and is liable to Plaintiff as an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

## STATEMENT OF FACTS

14. Defendants are a company and its owner that serves Latin American cuisine at its restaurant, located in West New York, New Jersey.

15. Defendants employed Plaintiff as a non-exempt server and later bartender from on or about January 6, 2024 until on or about November 25, 2024.

16. In these positions, Plaintiff was responsible for serving food to customers, taking orders from customers, answering calls from customers, performing work at Defendants' bar, making drinks for customers, cleaning the bar, and cleaning and rolling silverware.

17. Throughout her employment, Plaintiff regularly worked five days per workweek. Throughout her employment, Plaintiff regularly worked each Wednesday from 12:00 p.m. until 12:00 a.m. the following day, and from Thursday through Sunday from 12:00 p.m. until between 3:00 a.m. and 4:00 a.m., or sometimes later each day.

18. Throughout her employment, for the final two hours of each shift, Plaintiff was required by Defendants to punch out of work, but was required to continue working for approximately two hours each night to clean the restaurant.

19. Throughout her employment, Defendants often failed to provide Plaintiff with an uninterrupted meal break.

20. Accordingly, throughout her employment, Defendants required Plaintiff to work, and Plaintiff did work, more than forty hours during many of her workweeks.

21. Throughout her employment, Defendants took a tip credit deduction for every hour that Plaintiff worked and consequently paid her at a reduced hourly rate of pay below the minimum wage rate or her lawful overtime rate under the FLSA and NJWHL as a tipped employee.

22. Throughout her employment, Defendants failed to provide Plaintiff with compliant notice under the FLSA or the NJWHL – providing neither a written or even an oral notice – that Defendants were claiming a tip credit toward the statutory minimum wage rate and overtime wage rate for her hours paid at a tipped rate.

23. During her employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein tips and gratuities received from patrons were distributed equally to Plaintiff and other bar employees when Plaintiff worked as a bartender.

24. Moreover, throughout her employment, Defendants regularly required Plaintiff to perform duties normally performed by other non-tipped employees, including, *inter alia*, cleaning the restaurant.  Throughout her employment, Plaintiff frequently performed a substantial amount of non-tipped work during her shifts, commonly in excess of twenty percent of her time worked during her shifts or consistently for periods longer than 30 minutes at a time, and therefore in excess of the amount permitted for a tipped-rate employee by applicable law and regulations. Notwithstanding this, Defendants frequently paid Plaintiff at her tipped rate of pay for time spent performing non-tipped work.

25. Throughout her employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

26. Despite these unlawful practices, throughout her employment, Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the FLSA, NJWHL and NJWPL.

27.   Throughout her employment, Defendants paid Plaintiff at a rate of $25.00 per day as a server, and a rate of $50.00 per day as a bartender, regardless of the number of hours she actually worked each day.

28.   When Plaintiff's weekly pay is converted to her true hourly regular rate of pay by dividing her hours worked by her total weekly earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA, NJWHL and NJWPL.

29.   When Plaintiff's weekly pay is converted to her true hourly regular rate of pay by dividing her hours worked by her total weekly earnings, Plaintiff's regular rate of pay often results in an hourly rate of pay that is even below the hourly tipped minimum wage rate of pay when applying the maximum permissible tip credit – in circumstances where taking an hourly tip credit were permissible, which Defendants are not permitted to assert in this matter – under the FLSA or the NJWHL.

30.   Thus, as a result of Defendants' unlawful tip pool practices and other unlawful wage practices, Defendants often failed to pay Plaintiff at least the applicable statutorily mandated minimum wage rate, in violation of the FLSA, NJWHL and NJWPL.

31.   Despite being required to regularly work in excess of forty hours during her workweeks, Defendants failed to pay Plaintiff at her required overtime rate of pay of at least one and one-half times the applicable minimum wage rate or her proper regular hourly rates of pay, whichever is greater, for her hours worked in excess of forty per workweek, in violation of the FLSA, NJWHL, and NJWPL.

32.   Defendants failed to compensate Plaintiff at any rate of pay, let alone at the statutorily required minimum wage rate for any of the hours worked during her first week of

employment with the Defendants, and therefore failed to pay Plaintiff at the applicable minimum wage rate or her lawful overtime rate, in violation of the FLSA, NJWHL, and NJWPL.

33.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and New Jersey law by failing to record or maintain accurate records of Plaintiff's hours worked on a daily or weekly basis, failing to accurately track and pay Plaintiff in accordance with her hours worked, failing to pay Plaintiff at her correct overtime rate of pay, failing to pay Plaintiff at least the minimum wage or even the tipped minimum wage for many hours worked, failing to provide Plaintiff with a compliant tip credit notice prior to paying Plaintiff at a reduced tipped hourly rate of pay for her hours worked, and intentionally failing to accurately record tips and gratuities received by Plaintiff and other tipped employees.

34.    Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4  and the NJWPL, N.J.S.A. § 34:11-4.6.

35.    Throughout the statutory period, Defendants' violations of federal and New Jersey law caused Plaintiff, the FLSA Collective Action Plaintiffs and Class Members to suffer the same or similar harms.

36.    Throughout the statutory period, Defendants treated and paid Plaintiff, the FLSA Collective Action Plaintiffs and Class Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

### COLLECTIVE ACTION ALLEGATIONS

37.    At all relevant times, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs,

practices, procedures, protocols, routines, and rules willfully failing to pay them minimum wage compensation for all hours worked and overtime pay for hours worked in excess of forty (40) hours each week.

38.     Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interests in in bringing this action.

39.     Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt tipped employee, including but not limited to server, busser, runner or bar employee, and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms (hereinafter referred to as "FLSA Collective Action Plaintiffs").

40.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings the Third through Fifth Claims for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt tipped employee, including but not limited to server, busser, runner or bar employee, and/or in a similarly situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

42.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for Class Members may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

43.    The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

44.    Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

45.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the applicable minimum wage rates of pay for their hours worked;

(c)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at any rate of pay for certain hours worked during their workweek;

(d)     Whether Defendants' pay practices constitute an unlawfully administered tip pool arrangement, and therefore invalidating Defendants' right to a take a tip credit against hourly wages for its front-of-house tipped employees;

(e)     Whether Defendants failed to provide a compliant and/or failed to provide any tip credit notice to Plaintiff and Class Members, and therefore invalidating Defendants' right to a take a tip credit against wages;

(f)     Whether Defendants failed to timely pay or remit tips and gratuities and/or any wages to the Plaintiff and Class Members;

(g)     Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation failing to provide compliant tip credit notices, and failing to timely pay certain wages was done willfully and/or with reckless disregard of the state wage and hour laws;

(h)     Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(i)     Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked, compensation received, and amounts of tips and gratuities received, for the Plaintiff and Class Members;

(j)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(k)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

46.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.   All of the Class Members were subject to the same corporate practices of Defendants.   Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.   Plaintiff and other Class Members sustained similar losses, injuries, harms and damages arising from the same unlawful policies, practices, and procedures.

47.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

48.     Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

49.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.   The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

50.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages

11

are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

51.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (UNPAID OVERTIME UNDER THE FLSA)

52.     Plaintiff and the FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

53.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

54.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and the FLSA Collective Action Plaintiffs are employees within the meaning of the FLSA.

55.     As also described above, Plaintiff and the FLSA Collective Action Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and the FLSA Collective Action Plaintiffs in accordance with the FLSA's overtime provisions.

56.     Defendants willfully violated the FLSA.

57.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

58.    Based on the foregoing, Plaintiff and the FLSA Collective Action Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay or the minimum wage, whichever is greater.

59.    Based on the foregoing, Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the FLSA.

## SECOND CLAIM FOR RELIEF
## (UNPAID MINIMUM WAGES UNDER THE FLSA)

60.    Plaintiff and the FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

61.    Defendants employed Plaintiff and the FLSA Collective Action Plaintiffs yet willfully failed to pay Plaintiff and the FLSA Collective Action Plaintiffs the applicable minimum wage rate for all hours worked, in violation of the FLSA.

62.    Defendants' violations of the FLSA have been willful and intentional.

63.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64.    Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective Action Plaintiffs are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (UNPAID OVERTIME UNDER THE NJWHL)

65.    Plaintiff and the FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

13

66.     NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the applicable minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

67.     As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action worked for Defendants and are employees within the meaning of the NJWHL.

68.     As also described above, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

69.     Defendants willfully violated the NJWHL.

70.     Based on the foregoing, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay or the applicable minimum wage rate, whichever is greater.

71.     Based on the foregoing, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest as permitted by law, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL.

**FOURTH CLAIM FOR RELIEF**
**(UNPAID MINIMUM WAGES UNDER THE NJWHL)**

72.     Plaintiff and the FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73.     NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than the applicable minimum wage rate for any hours worked during a workweek.

74. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action worked for Defendants and are employees within the meaning of the NJWHL.

75. As described above, Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-into this action, yet willfully failed to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-into this action, the applicable minimum wage rate for all hours worked, in violation of the NJWHL.

76. Defendants willfully violated the NJWHL.

77. Based on the foregoing, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-into this action, are entitled to recover from Defendants unpaid minimum wage compensation under the NJWHL.

78. Based on the foregoing, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest as permitted by law, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL.

**FIFTH CLAIM FOR RELIEF**
**(FAILURE TO PAY FULL AMOUNT OF WAGES UNDER THE NJWPL)**

79. Plaintiff and the FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

80. NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

81.     As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action worked for Defendants and are employees within the meaning of the NJWPL.

82.     As also described above, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action, worked in excess of forty hours each week, yet the Defendants paid Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action at either straight-time hourly rates of pay for only certain hours worked or, alternatively, at weekly pay rates that fell below the required minimum wage and overtime rates for their hours worked when converted to an hourly rate of pay; by neglecting to pay the applicable minimum wage rate and/or overtime premium for all hours worked beyond forty per week, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action have not been paid the full amount of wages due to them.

83.     Defendants' actions were in willful violation of the NJWPL.

84.     Based on the foregoing, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action are entitled to minimum wage pay for all hours worked and overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay or the applicable minimum wage rate, whichever is greater.

85.     Based on the foregoing, Plaintiff, Class Members, and any FLSA Collective Action Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest as permitted by law, and attorneys' fees for Defendants' violations of the NJWPL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Class Members and any FLSA Collective Action Plaintiffs who opt into this action demand judgment against Defendants as follows:

a.      Issuance of a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned FLSA and New Jersey laws;

b.      Issuance of an order restraining Defendants from any retaliation against Plaintiff, FLSA Collective Action Plaintiffs and Class Members for participation in any form in this litigation;

c.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Collective Action Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiff, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

d.      Awarding all damages that Plaintiff, FLSA Collective Action Plaintiffs, and Class Members have sustained as a result of the Defendants' conduct, including all unpaid overtime wages, unpaid minimum wages, and any short fall between wages paid and those due under the law that Plaintiff, FLSA Collective Action Plaintiffs and Class Members would have received but for Defendants' unlawful payment practices;

e.      Awarding liquidated damages as recoverable by applicable law;

f.      Awarding reasonable attorneys' fees with respect to the prosecution of this action;

g.      Awarding costs and disbursements incurred in connection with this action;

h.      Awarding pre- and post-judgment interest as permitted by law; and

17

i.       Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        July 1, 2025

                               ROMERO LAW GROUP PLLC
                               *Attorneys for Plaintiff*
                               490 Wheeler Road, Suite 277
                               Hauppauge, New York 11788
                               Tel.: (631) 257-5588

             By:      _____
                               MATTHEW J. FARNWORTH, ESQ.
                               DAVID D. BARNHORN, ESQ.

18

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Mi Rinconcito Colombiano, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and any New Jersey State wage and hours laws, and their applicable regulations. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.


Arianna Garcia (Feb 12, 2025 17:29 EST)

Arianna Garcia

Feb 12, 2025

Date